UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 00-4582

KEVIN E. BALL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-229)

Submitted: February 6, 2001

Decided: April 4, 2001

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James M. Cagle, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John H. Tinney, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kevin Ball appeals his conviction and the twenty-four-month sentence he received after a jury found him guilty of possession of a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C.A. § 922(g)(9) (West 2000). Ball raises numerous challenges to his conviction and sentence, all of which we find to be without merit. Accordingly, we affirm.

I.

Ball first asserts on appeal that the district court lacked subject matter jurisdiction over his offense because § 922(g)(9) lacks a sufficient connection to interstate commerce. We disagree. Section 922(g)(9) expressly requires a nexus with interstate commerce. Thus, the district court had subject matter jurisdiction over Ball's offense. *United States v. Lewis*, ___ F.3d ___, 2001 WL 21227, at *1 (8th Cir. 2001); *Fraternal Order of Police v. United States*, 173 F.3d 898, 907 (D.C. Cir.), *cert. denied*, 528 U.S. 928 (1999); *see United States v. Bostic*, 168 F.3d 718, 723 (4th Cir.) (rejecting Commerce Clause challenge to 18 U.S.C.A. § 922(g)(8) (West 2000), which prohibits possession of firearm while subject to domestic violence order, and stating that "jurisdictional element applies to all nine subsections in Section 922(g)"), *cert. denied*, 527 U.S. 1029 (1999).

II.

Ball contends that the district court erred in denying his motion to dismiss the indictment because his prosecution violated the Ex Post Facto Clause. He relies on the fact that his battery conviction occurred before the enactment of § 922(g)(9). Ball's argument is foreclosed by our decision in *United States v. Mitchell*, 209 F.3d 319, 322 (4th Cir.), *cert. denied*, 121 S. Ct. 123 (2000) ("It is immaterial that [defendant's] firearm purchase and domestic violence conviction occurred prior to § 922(g)(9)'s enactment because the conduct prohibited by § 922(g)(9) is the *possession* of a firearm.").

Ball attempts to distinguish *Mitchell* by arguing that, because West Virginia law allows a person charged with domestic battery to legally possess a firearm after any protective order expires, he cannot be prosecuted under § 922(g)(9). To the extent that Ball contends that his prosecution violated the Due Process Clause because he did not have notice that his conduct was illegal, *Mitchell* is dispositive. *Id.* at 323 (finding no due process violation where "[defendant's] conduct in assaulting his wife—the act that led to his misdemeanor domestic violence conviction—put [defendant] on sufficient notice . . . [that] he could not 'reasonably expect to be free from regulation when possessing a firearm'") (quoting *Bostic*, 168 F.3d at 722). We therefore find that the district court did not err in denying Ball's motion to dismiss the indictment.

### III.

Next, Ball argues that the district court erred in denying his motion to dismiss the indictment because he had not committed the requisite predicate offense—a "misdemeanor crime of domestic violence," as defined in 18 U.S.C.A. § 921(a)(33)(A) (West 2000). Ball contends that he was convicted under W. Va. Code Ann. § 61-2-9 (Michie 2000), and that § 61-2-9 does not require the battery to be against a current or former spouse.

Assuming, as Ball contends, that he was convicted of simple battery under § 61-2-9 rather than domestic battery under W. Va. Code Ann. § 61-2-28 (Michie 2000),[1] we find that his conviction for simple battery meets the § 921 definition. Section 921(a)(33)(A) requires the predicate offense to have only one element—the use or attempted use of physical force; the relationship between perpetrator and victim need not appear in the formal definition of the predicate offense. *United States v. Chavez*, 204 F.3d 1305, 1313-14 (11th Cir. 2000); *United States v. Meade*, 175 F.3d 215, 218-21 (1st Cir. 1999); *United States v. Smith*, 171 F.3d 617, 619-21 (8th Cir. 1999). Because Ball

---

[1]There was some discrepancy in the record regarding under what section of the West Virginia Code Ball was convicted. Although the charging papers and guilty plea reflected that Ball pled guilty to domestic battery under § 61-2-28, the criminal case history referred to the conviction as simple battery under § 61-2-9.

committed a battery against his wife, the district court did not err in finding, as a matter of law, that Ball had been convicted of a misdemeanor crime of domestic violence.

## IV.

Ball asserts that he did not voluntarily consent to the search of his home. Testimony at the suppression hearing disclosed that at the time Ball consented, he had a blood alcohol level of approximately .24 but that he understood and answered the officers' questions. Ball also could stand and walk on his own and appeared to be oriented to his surroundings. *See United States v. Scheets*, 188 F.3d 829, 839-40 (7th Cir. 1999) (finding consent voluntary despite apparent intoxication where there was no evidence in record that defendant was not aware of what he was doing or failed to appreciate significance of his actions), *cert. denied*, 528 U.S. 1096 (2000); *United States v. Gipp*, 147 F.3d 680, 686 (8th Cir. 1998) (same); *United States v. Gay*, 774 F.2d 368, 376-77 (10th Cir. 1985) (finding consent voluntary even though defendant was intoxicated, staggered, swayed, and slurred his speech). In addition, the four officers with Ball did not draw any weapons nor did they handcuff or restrain him. After they talked with Ball for about thirty minutes, Ball told the officers the location of the gun and permitted them to enter his house to retrieve it.

Based on the totality of the circumstances, *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973), there was sufficient evidence presented at the suppression hearing on which the district court could base its finding that Ball voluntarily consented to the search. *Id.* at 219; *United States v. Lattimore*, 87 F.3d 647, 650-51 (4th Cir. 1996) (en banc) (discussing factors and recognizing that "when the lower court bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the [court] had the opportunity to observe the demeanor of the witnesses") (internal quotation marks and citations omitted). We therefore find that the district court did not clearly err in denying Ball's motion to suppress. *United States v. Elie*, 111 F.3d 1135, 1144 (4th Cir. 1997) (stating standard of review).

## V.

Ball also challenges his conviction on the ground that the evidence was insufficient to convict him. To convict Ball of a § 922(g)(9) offense, the Government must prove that: (1) he was convicted of a misdemeanor crime of domestic violence; (2) he knowingly possessed a firearm after his conviction; and (3) the firearm traveled in interstate commerce.[2] 18 U.S.C.A. § 922(g)(9). Our review of the record leads us to conclude that the Government met its burden of proof on each element of the offense. *United States v. Wilson*, 198 F.3d 467, 470 (1999) (providing standard) (citing *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)), *cert. denied*, 120 S. Ct. 1693 (2000); *Glasser v. United States*, 315 U.S. 60, 80 (1942).

With regard to the first element, Ball asserts that the district court's finding, as a matter of law, that simple battery meets the definition of misdemeanor crime of domestic violence deprived him of the right to have the jury decide every element of the offense. We reject his contention. After hearing the evidence presented at trial, the jury found that the evidence established that Ball had been convicted of a misdemeanor crime of domestic violence—he was convicted of battering his wife in May of 1995.

Although Ball contends that he relied in good faith on the fact that West Virginia authorities returned his gun to him after his 1995 conviction and asserts, therefore, that he did not know his conduct was illegal, the Government is not required to prove that Ball was aware of the illegality of his conduct. *United States v. Beavers*, 206 F.3d 706, 710 (6th Cir.) (holding that § 922(g)(9) "does not require the government to prove that the defendant had actual knowledge that his possession of a firearm was illegal"), *cert. denied*, 120 S. Ct. 1989 (2000); *see Bostic*, 168 F.3d at 722-23 (interpreting mens rea element in 18 U.S.C.A. § 922(g)(8) (West 2000)). Here, it is undisputed that Ball knowingly possessed a firearm on August 30, 1999, when he held it to his wife's head and threatened to kill her.

---

[2]Contrary to Ball's assertion, the Government is not required to prove that Ball's civil rights had not been restored.

Ball also contests the Government's proof with regard to the interstate commerce element of the offense. An agent of the Bureau of Alcohol, Tobacco, and Firearms testified that the firearm Ball possessed was manufactured in Hungary and was imported into Vermont.[3] We therefore find that the firearm traveled in interstate commerce. *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir.) (noting that interstate commerce element of § 922(g) satisfied where gun manufactured in one state and used in another), *cert. denied*, 120 S. Ct. 1994 (2000). Accordingly, the evidence is sufficient to support Ball's conviction. *Wilson*, 198 F.3d at 470 (providing standard).

## VI.

Ball next asserts that the district court erred in refusing to give certain proffered instructions relating to Ball's good faith and requiring the Government to prove that Ball's civil rights had not been restored. We find no reversible error in the district court's instructions, as Ball's requests mischaracterized the law. *United States v. Frazier-El*, 204 F.3d 553, 562 (4th Cir.) (providing standard), *cert. denied*, 121 S. Ct. 487 (2000).

## VII.

Ball's last arguments on appeal challenge the district court's application of the sentencing guidelines. We review the district court's factual findings for clear error and legal interpretations de novo. *United States v. Colton*, 231 F.3d 890, 911 (4th Cir. 2000).

Ball first contends that the district court erred in establishing a base offense level of fourteen under *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(6) (1998). He asserts that he was not a "prohibited person"

---

[3]Contrary to Ball's assertion, the district court did not abuse its discretion in admitting the agent's testimony under Fed. R. Evid. 703. *United States v. Ward*, 171 F.3d 188, 195 (4th Cir.) (stating standard of review), *cert. denied*, 528 U.S. 855 (1999); *Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1179 (4th Cir. 1997) (stating that Rule 703 "permits the admission of expert opinion testimony even though the expert has relied on evidence that is inadmissible . . . [provided that] the expert has relied on information of a kind reasonably relied on by experts in the field").

because his simple battery conviction was not a misdemeanor crime of domestic violence. Because his assertion is incorrect, USSG § 2K2.1, comment. (n.6(vii)), we find no clear error. *Colton*, 231 F.3d at 911.

Nor did the district court clearly err in applying a four-level enhancement under USSG § 2K2.1(b)(5) for possession of a firearm in connection with another felony offense—here, wanton endangerment involving a firearm under W. Va. Code Ann. § 61-7-12 (Michie 2000). The district court found by a preponderance of the evidence that Ball committed the felony offense of wanton endangerment involving a firearm under § 61-7-12 when he put a loaded gun to his wife's temple and threatened to kill her. *See United States v. Nale*, 101 F.3d 1000, 1003-04 (4th Cir. 1996) (interpreting "in connection with" as it applies to USSG § 2K2.1(c) and finding that firearm must facilitate or potentially facilitate offense to sustain conclusion that defendant possessed firearm in connection with another offense). We therefore find that the district court did not clearly err in applying the enhancement. *Colton*, 231 F.3d at 911.

## VIII.

Accordingly, we affirm Ball's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*