**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

FRED NOBRIGA,
            *Defendant-Appellant.*

No. 04-10169

D.C. No.
CR-03-00209-HG

OPINION

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted
April 8, 2005—Pasadena, California

Filed May 20, 2005

Before: Kim McLane Wardlaw and Marsha S. Berzon,
Circuit Judges, and James M. Fitzgerald,* District Judge.

Per Curiam Opinion

---

*The Honorable James M. Fitzgerald, Senior United States District
Judge for the District of Alaska, sitting by designation.

**COUNSEL**

De Anna S. Dotson, Kapolei, Hawaii, for the defendant-appellant.

Edward H. Kubo, Jr., United States Attorney, and Wes Reber Porter, Assistant United States Attorney, District of Hawaii, Honolulu, Hawaii, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

Fred Nobriga appeals the district court's denial of his motion to dismiss the indictment charging him with violating 18 U.S.C. § 922(g)(9) by possessing a firearm after having been previously convicted of a "misdemeanor crime of domestic violence," as defined by 18 U.S.C. § 921(a)(33)(A)(ii). Nobriga also argues that his sentence violates the Sixth Amendment in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We reverse the district court's denial of Nobriga's motion to dismiss and therefore do not reach Nobriga's appeal of his sentence.

I

Nobriga was indicted in 2003 by a federal grand jury in Hawaii for being a person previously convicted of a "misde-

meanor crime of domestic violence" in possession of a firearm. Section 921(a)(33)(A)(ii) defines that term as any misdemeanor that:

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

The predicate offense at issue was Nobriga's conviction for Abuse of a Family or Household Member (AFHM), in violation of HAW. REV. STAT. § 709-906(1). Nobriga had pleaded no contest to AFHM in a Hawaii state court, and the court found Nobriga guilty "as charged."

Nobriga moved to dismiss the federal indictment, claiming that his underlying AFHM conviction was not for a "misdemeanor crime of domestic violence," and that 18 U.S.C. § 922(g)(9) was therefore inapplicable. The district court held that the Hawaii statute was not categorically a "misdemeanor crime of domestic violence," but that the charging documents, together with the judgment, demonstrated that Nobriga *had* pleaded to a "misdemeanor crime of domestic violence" as defined by 18 U.S.C. § 921(a)(33)(A).

After the district court denied Nobriga's motion to dismiss, Nobriga entered into a plea agreement with the government, reserving the right to appeal the district court's denial of his motion to dismiss. Shortly thereafter, the district court conducted a Rule 11 colloquy, during which Nobriga stipulated that his 2000 AFHM conviction was for assaulting a "former girlfriend."[1] The district court sentenced Nobriga to twenty-

---

[1]The exchange between Nobriga and the district court was as follows:

  Q:   . . . Now, you were convicted of abuse of a household mem-

seven months' imprisonment, three years of supervised release, and a "special assessment of $100." Nobriga timely appeals.

## II

**[1]** Nobriga's first challenge to the district court's denial of his motion to dismiss is controlled by our decision in *United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003). There, we held that "[t]he phrase 'physical force' in the federal definition at 18 U.S.C. § 921(a)(33)(A)(ii) means the violent use of force against the body of another individual." *Id.* at 1068. Because the Wyoming statute at issue also criminalized what we described as "rude or insolent touching," and because "the record does not reveal the conduct to which [Belless] pleaded and for which he was convicted," we could not "conclude that the trier of fact, the Wyoming judge in this case, necessarily found Belless guilty of conduct that, under a modified categorical approach, serves as a predicate offense." *Id.* at 1069.

**[2]** As in *Belless*, HAW. REV. STAT. § 709-906(1) does not necessarily require a "violent use of force." In addition to making it unlawful "to physically abuse a family or household member," the statute also proscribes "refus[ing] compliance with the lawful order of a police officer," an offense that specifies no use of force, violent or otherwise. Consequently, as the district court held and the government recognizes, a con-

---

ber in the year 2000, correct?

A: Yes.

Q: And the charge that you were convicted of included you hitting — was it your former girlfriend?

A: Yes ma'am.

Q: Okay. And so you were convicted of hitting your former girlfriend?

A. Yes.

viction under section 709-906(1) does not categorically suffice to establish the requisite predicate offense.

[3] Under the modified categorical approach derived from *Taylor v. United States*, 495 U.S. 575, 602 (1990), and recently reaffirmed in *Shepard v. United States*, 125 S. Ct. 1254 (2005), however, the record establishes that Nobriga necessarily pleaded guilty to a "violent use of force." *Belless*, 338 F.3d at 1068. As the district court concluded, the charging papers and the judgment of conviction make clear that Nobriga pleaded guilty to "physically abus[ing] a family or household member," and not to "refus[ing] compliance with a lawful order of a police officer." Hawaii law recognizes that the "physically abuse" prong requires, at a minimum, a reckless use of physical force. *See State v. Eastman*, 913 P.2d 57, 66 (Haw. 1996); *see also State v. Miller*, 98 P.3d 265, 266 n.1 (Haw. Ct. App. 2004). "Recklessness" is an adequate mens rea to establish a "violent" use of force. *See, e.g.*, *United States v. Grajeda-Ramirez*, 348 F.3d 1123, 1125 (9th Cir. 2003), *cert. denied*, 125 S. Ct. 863 (2005); *United States v. Ceron-Sanchez*, 222 F.3d 1169, 1172-73 (9th Cir. 2000). Nobriga's AFHM conviction was therefore for a "violent use of force." *See Belless*, 338 F.3d at 1068.

III

The harder issue is whether the victim of Nobriga's "violent use of force" had the domestic relationship to Nobriga required by § 921(a)(33)(A)(ii). Because Nobriga did not argue this relationship question before the district court, we review for plain error. *See United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir. 2005) ("Under the plain error doctrine, we correct an error where an objection was not interposed at trial only where the error (1) is plain, (2) affects substantial rights, and (3) 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' " (quoting *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001))); *see also United States v. Cotton*, 535 U.S. 625, 631 (2002).

Nobriga's argument on appeal — that neither the Hawaii statute standing alone nor the judicially noticeable facts establish that the victim of his Hawaii offense had the domestic relationship to Nobriga required by § 921(a)(33)(A)(ii) — is well taken. For the reasons that follow, we are convinced that failing to grant Nobriga's motion to dismiss was plain error.

**[4]** To satisfy the federal statute, the underlying state law offense must be committed (1) "by a current or former spouse, parent, or guardian of the victim"; (2) "by a person with whom the victim shares a child in common"; (3) "by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian"; or (4) "by a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A)(ii). The Hawaii statute under which Nobriga was convicted, HAW. REV. STAT. § 709-906(1), applies when the victim and the defendant are "spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, *and persons jointly residing or formerly residing in the same dwelling unit.*" HAW. REV. STAT. § 709-906(1) (emphasis added). As its language indicates, the Hawaii statute applies in some circumstances in which the relationship between the defendant and the victim fits into none of the categories specified by the federal statute. For example, "persons jointly residing or formerly residing in the same dwelling unit" includes roommates who have no other, more personal relationship. Each of the federal categories, in contrast, specifies particular personal relationships between the victim and the defendant.[2]

**[5]** A conviction under the "physically abuse" prong of section 709-906(1), then, is not categorically a "misdemeanor

---

[2]Another example is that the Hawaii statute applies to *all* "persons related by consanguinity," including both "children" and "parents," while the federal statute applies only to *one* specified blood relationship — that in which the defendant is the parent of the victim.

crime of domestic violence" under any of § 921(a)(33)(A)(ii)'s four prongs. Nor does the indictment or judgment of conviction for Nobriga's Hawaii conviction specify his relationship to his victim.[3]

The government emphasizes that Nobriga admitted in the district court that the victim of his Hawaii AFHM conviction was a "former girlfriend." Even assuming that we could consider such an admission,[4] it cannot carry the weight the government would have us place upon it.

---

[3]The only document in the record that suggests how Nobriga's assault met the section 709-906(1) standard is a police report, which we are barred by *Shepard* from considering. *See* 125 S. Ct. at 1563 (holding that courts applying *Taylor* may only look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information").

[4]Such a post hoc admission is not pertinent to *Taylor*'s modified categorical approach. The statement at issue did not come in the plea colloquy for the offense of conviction, which generally *is* judicially noticeable under *Taylor* and *Shepard*. *See, e.g.*, *United States v. Smith*, 390 F.3d 661 (9th Cir. 2004), *as amended*, No. 03-30533, 2005 WL 957188 (9th Cir. Apr. 27, 2005). Rather, Nobriga's statement about the former offense was made in the district court in *this* case. Such a statement is not judicially noticeable under *Taylor* and *Shepard*. *See, e.g.*, *Shepard*, 125 S. Ct. at 1261 (reaffirming *Taylor*'s holding that "respect for congressional intent and avoidance of collateral trials require that evidence of generic conviction be confined to records of the *convicting court* approaching the certainty of the record of conviction in a generic crime State" (emphasis added)).

As Nobriga's statement is not pertinent under *Shepard*, its only possible relevance would be as an affirmative waiver of any contention that the crime for which he was convicted was *not* using physical force against his former girlfriend. Because we ultimately conclude that the district court erred even if Nobriga *was* convicted of using physical force against his former girlfriend, we assume, without deciding, that we may construe his admission as a waiver of any contrary argument regarding the content of his guilty plea in the Hawaii state court.

**[6]** *First*, an admission that the victim was a "former girl-friend" does not bring the Hawaii offense within categories (1) or (2) of the federal statute — a "current or former spouse, parent, or guardian of the victim" or "a person with whom the victim shares a child in common."

**[7]** *Second*, a "*former* girlfriend" does not fit within category (4), a "person similarly situated to a spouse, parent, or guardian of the victim." Unlike categories (1) and (3), category (4) only covers present relationships, not past ones.

**[8]** *Third*, the government's case must therefore rest entirely on category (3) — that Nobriga's "former girlfriend" is someone with whom Nobriga "is cohabiting with or has cohabited with . . . *as a* spouse, parent, or guardian." 18 U.S.C. § 921(a)(33)(A)(ii) (emphasis added). The government's position is doubly unavailing. A former girlfriend is not a spouse. Category (4), which includes persons "similarly situated to a spouse," would be surplusage if category (3) applied to non-spouse girlfriends. We do not ordinarily adopt such an interpretation. *See, e.g.*, *United States v. Ogles*, No. 03-10439, 2005 WL 976983, at *9 (9th Cir. Apr. 28, 2005) (reiterating the " 'cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant' " (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001))).

**[9]** Furthermore, even if a former girlfriend *could* fall within category (3), Nobriga's admission still does not establish the critical cohabitation element required by § 921(a)(33)(A)(ii). That is to say, nothing Nobriga admitted in the district court, and nothing elsewhere in the record, establishes that Nobriga ever "*cohabited with* the victim as a spouse." Recall that the state statute defines "family or household member" as "spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguin-

ity, *and persons jointly residing or formerly residing in the same dwelling unit*." HAW. REV. STAT. § 709-906(1) (emphasis added). As the language of section 709-906 makes clear, when the defendant and victim are present or former "spouses or reciprocal beneficiaries," "persons who have a child in common," or "parents, children, [or] persons related by consanguinity," there is no cohabitation requisite; the cohabitation requisite applies only when there is no personal relationship. Nobriga's conviction under the Hawaii statute, absent any other judicially noticeable evidence, thus does not establish that he ever cohabited with his "former girlfriend," and therefore does not satisfy category (3).

**[10]** Because the relationship between Nobriga and the victim of his Hawaii AFHM conviction does not fall within any of the four categories prescribed by § 921(a)(33)(A)(ii), the government did not establish that Nobriga had previously been convicted of a "misdemeanor crime of domestic violence." Nobriga's motion to dismiss should therefore have been granted.

Nor is there any question as to whether we should correct the error. As our above analysis indicates, the district court's error was plain and prejudiced Nobriga. A plea based on an offense that the defendant could not have committed as a matter of law satisfies *Cotton*'s third prong — whether the error affected substantial rights. *See Cotton*, 535 U.S. at 631; *see also United States v. Choy*, 309 F.3d 602, 607-08 & n.5 (9th Cir. 2002) (holding that a plain error that is fatal to a conviction is sufficient to warrant reversal).

That Nobriga did not raise this ultimately meritorious argument in the district court did not unfairly deprive the government of the opportunity to present available evidence. We so held in parallel circumstances in *United States v. Pimentel-Flores*, 339 F.3d 959 (9th Cir. 2003):

> The government argues that because defendant failed to assert during sentencing that his prior offense was

not a "crime of violence" felony, it was deprived of the opportunity to collect judicially-noticeable documents to address his claim. This is incorrect. It was the government's burden to prove sentencing enhancements and to establish unequivocally under the modified categorical approach as articulated by us in [*United States v.*] *Corona-Sanchez*, [291 F.3d 1201, 1211 (9th Cir. 2002) (en banc)], that Pimentel-Flores's prior conviction amounted to a crime of violence. The government should have been aware of its obligation . . . .

*Id.* at 968 (citations omitted). This burden is at least as pronounced in cases such as this one, where it is defendant's conviction, and not just his sentence, that is at issue.[5]

**[11]** We therefore reverse the district court's denial of Nobriga's motion to dismiss.

## IV

**[12]** Because we reverse the district court's denial of Nobriga's motion to dismiss, we do not reach Nobriga's appeal of his sentence, or the government's argument that such an appeal has been waived.[6] As Nobriga's guilty plea was conditioned on his right to appeal the district court's

---

[5]That the government's burden to prove that the defendant pleaded to specific elements of the predicate offense is at least as significant as its burden to prove sentencing enhancements follows from *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which we have repeatedly followed after *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). *See, e.g.*, *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004) (order).

[6]We recently rejected a similar argument to that which Nobriga advances here — that *Booker* vitiates his waiver of his right to appeal even though his sentence was within the statutory maximum. *See United States v. Cardenas*, No. 03-10009, 2005 WL 1027036, at *2 (9th Cir. May 4, 2005).

denial of his motion to dismiss, we must remand to the district court to allow Nobriga to withdraw his plea, if he elects to do so. *See United States v. Gust*, No. 04-30208, 2005 WL 950012, at *5 (9th Cir. Apr. 26, 2005); *see also United States v. Mejia*, 69 F.3d 309, 317 n.8 (9th Cir. 1995) ("If *any* ruling that forms a basis for the conditional [guilty] plea is found to be erroneous, we are required to permit the defendant to withdraw his plea.").

**REVERSED and REMANDED**.