**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4879**

---

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

        versus

ANDRE A. ARTIS,

                                      Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (CR-04-85)

---

Submitted:  May 6, 2005                 Decided:  May 27, 2005

---

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Frank W. Dunham, Jr., Federal Public Defender, Paul G. Gill,
Assistant Federal Public Defender, Richmond, Virginia, for
Appellant.  Paul J. McNulty, United States Attorney, Vince Gambale,
Assistant United States Attorney, Stephen W. Miller, Assistant
United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Andre A. Artis appeals his conviction for possession of a firearm after having been convicted of a felony, and having been convicted of domestic violence, in violation of 18 U.S.C. §§ 922(g)(1), (9) (2000).

Artis first contends that the district court erred by granting the Government's motion in limine to prevent a collateral attack on his domestic violence conviction from being presented to the jury. Whether a prior misdemeanor conviction for domestic violence qualifies as a predicate offense pursuant to 18 U.S.C. § 922(a)(33)(B)(i)(II) (2000) is a question of law for the court to decide. See United States v. Bethurum, 343 F.3d 712, 716 (5th Cir. 2003); United States v. Akins, 276 F.3d 1141, 1146 (9th Cir. 2002) ("Because § 921(a)(33)(B)(i)(I) is a legal definition, its application presents a question of law to be decided by the trial judge."); United States v. Smith, 171 F.3d 617, 621-22 (8th Cir. 1999) (concluding, as a matter of law, that a particular conviction and waiver of rights satisfied the requirements of § 922(a)(33)(B)(i)). Accordingly, we hold that the district court did not err by granting the Government's motion in limine to prevent the issue from going to the jury.

Artis also contends that the district court erroneously concluded that his prior conviction for domestic violence qualified as a predicate offense for the purposes of § 922(g)(9). Title 18

- 2 -

U.S.C. § 922(g)(9) (2000) provides that it shall be unlawful for a person who has been convicted in any court of a misdemeanor crime of domestic violence ("MCDV") to possess a firearm. However, pursuant to 18 U.S.C. § 921(a)(33)(B) (2000), a person shall not be considered to have been convicted of misdemeanor domestic violence unless, among other things, "the person, if he was entitled to a jury trial in the MCDV case under the laws of the jurisdiction in which the MCDV case was tried, . . . knowingly and intelligently waived the right to have the [MCDV] case tried by a jury, by guilty plea or otherwise. United States v. Jennings, 323 F.3d 263, 265 (4th Cir. 2003) (internal citations and quotations mark omitted); 18 U.S.C. § 921(a)(33)(B) (2000).

It is undisputed that in 2003, Artis entered a guilty plea in Juvenile & Domestic Relations District Court of Virginia ("J&DR court") to one count of misdemeanor domestic violence. Under Virginia law, a defendant appearing before a J&DR court has no right to a jury trial in that court. Such a right exists only where the defendant exercises his right to appeal the judgment to a Virginia Circuit Court. Va. Sup. Ct. R. 3A:13(a). Accordingly, we hold that Artis did not have a right to a jury trial in J&DR court, and that he did not invoke his right to a jury trial in a Circuit Court of Appeals because he failed to file a notice of appeal. We therefore agree with the district court's conclusion

- 3 -

that Artis was not entitled to a jury trial as a matter of law. <u>Jennings</u>, 323 F.3d at 265.

Finally, Artis contends that his uncorroborated confession to possession of the firearm was insufficient to sustain his conviction under § 922(g)(1). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." <u>See</u> <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996).

"[A]n accused may not be convicted on his own uncorroborated confession," <u>Smith v. United States</u>, 348 U.S. 147, 152 (1954), or inculpatory admissions. <u>Opper v. United States</u>, 348 U.S. 84, 91 (1954). <u>See</u> <u>also</u> <u>United States v. Hall</u>, 396 F.2d 841, 844-45 (4th Cir. 1968). There must also be "substantial independent evidence which would tend to establish the trustworthiness of the statement." <u>Opper</u>, 348 U.S. at 93; <u>see</u> <u>also</u> <u>United States v. Bryce</u>, 208 F.3d 346, 354 (2d Cir. 1999); <u>United States v. Chimal</u>, 976 F.2d 608, 611 (10th Cir. 1992). The corroborating evidence is adequate if it "supports the essential facts admitted sufficiently to justify a jury inference of their truth." <u>Opper</u>, 348 U.S. at 93. Viewing the evidence in the light

most favorable to the Government, we conclude that the evidence is sufficient to sustain Artis' conviction for violating § 922(g)(1). <u>Glasser</u>, 315 U.S. at 80.

We find Artis' remaining claims to be without merit and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>