UNITED STATES of America, Plaintiff,

v.

Randy Edward HAYES, Defendant.

No. CRIM.1:05 CR 03.

United States District Court, N.D. West Virginia.

June 24, 2005.

Troy N. Giatras, Giatras & Webb, Charleston, WV, for Defendant.

Shawn Angus Morgan, U.S. Attorney's Office—Clarksburg, Clarksburg, WV, for Plaintiff.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT

KEELEY, District Judge.

The Court held a hearing on June 15, 2005 to take up the defendant's "Motion to Dismiss Superseding Indictment." For the following reasons, the Court **DENIES** the defendant's motion (docket no. 56).

### I. INTRODUCTION

In 1994, the defendant, Randy Edward Hayes ("Hayes") pled guilty in West Virginia magistrate court to the misdemeanor offense of battery. According to Hayes, the identity of the victim of this crime does not appear in any judicially recognized document from the magistrate court.

On January 4, 2005, a federal grand jury indicted Hayes and charged him with three counts of knowingly possessing firearms after having been convicted of a mis-

demeanor crime of domestic violence, in violation of Title 18 United States Code, Sections 922(g)(9) and 924(a)(2). Subsequently, on May 4, 2005, the Grand Jury returned a superseding indictment that included a "Notice of Additional Factors" to the three counts alleged in the original indictment. The "Notice of Additional Factors" charges that Hayes has a 1994 battery conviction which meets the definition of a "misdemeanor crime of domestic violence." Hayes has moved to dismiss the superseding indictment, arguing that the Government cannot prove he violated § 922(g)(9).

## II. LEGAL ANALYSIS

" 'An indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charges on the merits.' " *United States v. Wills*, 346 F.3d 476, 488 (4th Cir.2003)(quoting *United States v. Mills*, 995 F.2d 480, 487 (4th Cir.1993)). *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) ("only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried"). Hayes argues that the superseding indictment should be dismissed because, pursuant to *Shepard v. U.S.*, 125 S.Ct. 1254 (2005), the Sixth Amendment bars the introduction of any evidence that the defendant has been convicted of a "misdemeanor crime of domestic violence" outside of the statute of conviction, charging document, plea agreement, plea transcript and any explicit factual finding by the trial judge to which the defendant assented. Thus, he contends, because the victim of his 1994 battery conviction has not been identified in any judicially recognized document from the West Virginia magistrate court, the United States may not proceed with its prosecution.

## A. Misdemeanor Crime of Domestic Violence

■ To secure a conviction under § 922(g)(9), the Government must prove three elements beyond a reasonable doubt: (1) that the accused possessed, shipped, or transported a firearm; (2) that the firearm had traveled in or affected interstate commerce; and (3) that the accused had been convicted of a misdemeanor crime of domestic violence. 18 U.S.C. § 922(g)(9). *United States v. Bethurum*, 343 F.3d 712, 716 (5th Cir.2003). Whether a predicate offense qualifies as a "misdemeanor crime of domestic violence" pursuant to 18 U.S.C. § 921(a)(33) is a question of law rather than a separate and essential element of a violation of § 922(g)(9) which must be proved to the jury beyond a reasonable doubt. *Id.* at 716–17; *see* also United *States v. Artis*, 132 Fed.Appx. 483, 2005 WL 1253926 (4th Cir.2005) (unpublished).

Section 921(a)(33) defines the term "misdemeanor crime of domestic violence" as an offense that

> (i) is a misdemeanor under Federal or State law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

In *United States v. Ball*, 7 Fed.Appx. 210 (4th Cir.2001) (unpublished), a panel of the Fourth Circuit concluded that this section only requires that the predicate offense have "one element—the use or attempted use of physical force; the relationship between the perpetrator and victim need not

appear in the formal definition of the predicate offense." *See also White v. Dep't of Justice,* 328 F.3d 1361 (Fed.Cir.2003). However, the prosecutor is in no way relieved of the burden of proving "to a jury beyond a reasonable doubt that a criminal defendant had a domestic relationship as defined in 921(a)(33)(A)(ii) in order to win a conviction under 992(g)(9)." *White,* 328 F.3d at 1361.

## B. The Sixth Amendment

Under the Sixth Amendment of the United States Constitution,

> [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

This provision "gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged," *United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 2320, 132 L.Ed.2d 444 (1995), and "any particular fact that the law makes essential to his punishment." *United States v. Booker,* — U.S. ——, —— – ——, 125 S.Ct. 738, 749–50, 160 L.Ed.2d 621 (2005).

In *Shepard v. United States,* — U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the United States Supreme Court held that, in the context of the enhanced sentencing provisions of the Armed Career Criminals Amendment Act of 1986, 18 USC § 924(e), the Sixth Amendment requires a sentencing court to limit itself to examining the statute of conviction, charging document, plea agreement, plea transcript and any explicit factual finding by the trial judge to which the defendant assented in determining whether a prior offense is a felony for enhancement purposes.

Following *Shepard,* in *United States v. Washington,* 404 F.3d 834 (4th Cir.2005), the Fourth Circuit found that a defendant's sixth amendment right to a trial by jury had been violated when the district court, at sentencing, relied on facts outside the indictment to determine that his prior state law breaking and entering conviction had been a "crime of violence." Further, in a case with facts similar to this one, the Ninth Circuit held that a district court had plainly erred when it relied on a police report and a plea colloquy to determine that a misdemeanor crime of domestic violence had been committed. The Government had also failed to prove that, under Hawaiian law, a "domestic" relationship existed between the defendant and his victim. *United States v. Nobriga,* 408 F.3d 1178 (9th Cir.2005).

## C. DISCUSSION

■ Hayes argues that *Shepard, Washington* and *Nobriga* stand for the proposition that the only evidence the Government may introduce to prove that he committed a misdemeanor crime of domestic violence is the statute of conviction, charging document, plea agreement, plea transcript and any explicit factual finding by the trial judge to which the defendant assented. The evidentiary limits in those cases, however, apply to *judicial* fact-finding, not findings of fact made by a jury. They do not apply where, as here, the Government is being put to its burden of proof at trial. *White v. Dep't of Justice,* 328 F.3d 1361 (Fed.Cir.2003) (holding that prosecutor has "burden to prove to a jury beyond a reasonable doubt that a criminal defendant had a do-

mestic relationship as defined in 921(a)(33)(A)(ii) in order to win a conviction under 992(g)(9)"); *see also Ball* at 214 (stating that "district court's finding, as a matter of law, that simple battery meets the definition of misdemeanor crime of domestic violence" did not deprive the defendant of the right to have the jury decide every element of the offense because, "after hearing the evidence presented at trial, the jury found that the evidence established that Ball had been convicted of a misdemeanor crime of domestic violence—he was convicted of battering his wife in May of 1995".)

Moreover, because the indictment tracks the language of 18 U.S.C. § 922(g)(9) and properly alleges each element of the statute, the indictment is valid on its face. *Wills*, 346 F.3d at 488. Thus, whether the Government is able to prove that the defendant is guilty of the crime charged is a matter for the jury to decide and is not a proper basis on which to challenge the indictment itself.

### III.  CONCLUSION

Because the indictment is valid on its face and does not violate the defendant's Sixth Amendment rights, the Court **DENIES** the defendant's motion (docket no. 56).

It is **SO ORDERED.**

The Clerk is directed to transmit copies of this Order to the defendant, counsel of record and all appropriate agencies.