**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sergio MARTINEZ–SERVIN,
Defendant—Appellant.**

No. 04–30550.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2005.*

Decided Nov. 2, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

C. Ed Laws, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

L. Sanford Selvey, II, Esq., Selvey Law Firm, L.L.C., Billings, MT, for Defendant–Appellant.

Before: CUDAHY,** T.G. NELSON, and MCKEOWN, Circuit Judges.

MEMORANDUM ***

Sergio Martinez–Servin appeals his sentence on two grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

The Government provided a record to the district court that was insufficient to support the § 2L1.2(b)(1)(A) enhancement.[1] However, because Martinez–Servin did not object to the district court's imposition of the enhancement before that court, he must show not only that plain error occurred but that it affected his substantial rights.[2] He has not satisfied that burden. Accordingly, the panel affirms as to the first issue.

The transcript makes it clear that the district court considered all the relevant sentencing factors mandated by 18 U.S.C. § 3553, not merely the sentencing guidelines. Accordingly, the panel affirms as to the second issue as well.

AFFIRMED.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Nobriga*, 408 F.3d 1178, 1182 n. 4 (9th Cir.2005) (explaining that judicially noticeable facts, which do not include a defendant's admissions before the sentencing court, must support a district court's enhancement of a defendant's sentence for a predicate offense); *United States v. Pimentel–Flores*, 339 F.3d 959, 968 (9th Cir.2003) (explaining that the district court's reliance solely on the factual description of the predicate offense in the presentence report was plain error).

2. *Pimentel–Flores*, 339 F.3d at 967.