**UNITED STATES of America, Plaintiff,**

**Norman Ray WATKINS, Defendant**

**No. CRIM.A. 05–170–JMH.**

United States District Court,
E.D. Kentucky.
Lexington.

Jan. 6, 2006.

James Lowry, IV, Hughes, Lowry, Milner & Hayworth, Lexington, KY, for Norman Ray Watkins (1), Defendant.

Robert E. Rawlins, U.S. Attorney's Office, EDKY, Lexington, KY, for USA, Plaintiff.

## ORDER

HOOD, District Judge.

Pending before the Court is Defendant's motion to dismiss. [Record No. 8]. The United States filed a response to which Defendant replied, and the Court held a hearing on the motion on January 4, 2006. This matter is now ripe for review.[1]

### I. Background

Defendant is charged under 18 U.S.C. § 922(g)(9), which prohibits a person convicted of a misdemeanor involving domestic violence from possessing a gun. Defen-

---

1. On January 5, Defendant filed a second motion to dismiss raising slightly different issues [Record No. 13]. This order addresses only the first motion to dismiss.

dant argues that his conviction for assault in the fourth degree in Fayette District Court does not qualify as a misdemeanor involving domestic violence under the statute. The statute states as follows:

It shall be unlawful for any person ... who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm of ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9). The phrase "misdemeanor crime of domestic violence" is defined at 18 U.S.C. § 921(a)(33):

[T]he term "misdemeanor crime of domestic violence" means an offense that (I) is a misdemeanor under Federal or State law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

In 2003 Defendant pleaded guilty in Fayette Circuit Court to assault in the fourth degree, a misdemeanor. Under Kentucky law, "[a] person is guilty of assault in the fourth degree when: (a) He intentionally or wantonly causes physical injury to another person; or (b) With reck-

lessness he causes physical injury to another person by means of a deadly weapon or a dangerous instrument." KRS 508.030.

## II. Analysis

■ Defendant argues that assault in the fourth degree is not a misdemeanor crime of domestic violence because the assault statute does not require that there be any domestic relationship between the offender and the victim. The overwhelming majority of courts that have addressed this issue have rejected Defendant's argument. Although the Sixth Circuit has not yet addressed this issue, the Courts of Appeals for the First, Second, Fifth, Eighth, Ninth, Eleventh, and D.C. Circuits have all held that the underlying misdemeanor crime need not have, as an element, a domestic relationship between victim and offender; what matters is whether such a relationship existed in fact, regardless of the language of the underlying statute.[2] *See United States v. Meade,* 175 F.3d 215 (1st Cir.1999); *United States v. Kavoukian,* 315 F.3d 139 (2d Cir.2002); *United States v. Shelton,* 325 F.3d 553 (5th Cir.2003); *United States v. Smith,* 171 F.3d 617 (8th Cir.1999); *United States v. Belless,* 338 F.3d 1063 (9th Cir.2003); *United States v. Chavez,* 204 F.3d 1305 (11th Cir.2000); *United States v. Barnes,* 295 F.3d 1354 (D.C.Cir.2002).

This Court's reading of the 18 U.S.C. § 921(a)(33) is the same as these other courts. The statute requires that the underlying crime have one element, namely the use or attempted use of physical force, or the threatened use of a deadly weapon.

---

**2.** Defendant cites only one case, *United States v. Nobriga,* 408 F.3d 1178 (9th Cir.2005), a recent decision from the Ninth Circuit that supports his desired reading of 18 U.S.C. § 921(a)(33). However, the Ninth Circuit has withdrawn the opinion in *Nobriga* pending *en*

banc review of another case. *See United States v. Nobriga,* 433 F.3d 1090 (9th Cir. 2006). Even if the ruling in *Nobriga* eventually stands, it would still be outweighed by the holdings of the remaining Courts of Appeals.

In *United States v. Meade*, the First Circuit explained as follows:

> The singular noun [element] is followed not by one, but by two conceptually distinct attributes: the mode of aggression and the perpetrator's relationship to the victim.... The word 'element' ... is singular, and absent evidence that Congress wished to deviate from customary usage, it should be read to refer only to the immediately following attribute. Since no such evidence exists, we conclude, without serious question, that only the mode of aggression, and not the relationship status between perpetrator and victim, must appear within the formal definition of an antecedent misdemeanor to constitute it as a predicate offense.

*Meade*, 175 F.3d at 218–19; *see also Belless*, 338 F.3d at 1066 (following *Meade*).[3]

Several Courts of Appeals have followed *Meade*, and they have also determined that the clause describing the relationship, beginning with "committed by," modifies the word "offense" rather than modifying the "use of force" clause. *See, e.g., Barnes*, 295 F.3d at 1361–62; *Shelton*, 325 F.3d at 561–62; *Belless*, 338 F.3d at 1066. In addition, many of these courts have noted that since fewer than half of the states have criminal statutes specifically punishing domestic violence, it would create a "significant practical anomaly" to find that it is a federal crime to possess a gun after being convicted of domestic violence in some states but not others. *See, e.g., Barnes*, 295 F.3d at 1364–65; *Kavoukian*, 315 F.3d at 143.

**III.  Conclusion**

■ In light of the plain reading of the statute and the overwhelming case law rejecting Defendant's arguments, this Court must deny the motion. Of course, at trial the United States must prove the existence of a qualifying domestic relationship, but the fact that the Kentucky assault statute under which Defendant was convicted does not have a domestic relationship as an element is not a sufficient basis to dismiss the indictment.

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Defendant's motion to dismiss [Record No. 8] be, and the same hereby is, **DENIED.**

---

**3.**  In *United States v. Barnes*, the Court of Appeals for the District of Columbia followed *Meade* and also noted that Congress is capable of defining multiple-element crimes and has done so frequently by using the language that a crime "has as its elements" certain things. *See Barnes*, 295 F.3d at 1363 n. 10 (citing the definitions of arson, extortion, firearms use, kidnaping, and sexually violent offense, all of which use the phrase "has as its elements"). Thus, as Congress chose in 18 U.S.C. § 921(a)(33) to use the singular phrase "has, as an element," the Court should not assume that is meant something else.